IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBRA DIANE FRALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CV-18-MHT-WC |
| | ) | |
| GKN AEROSPACE-ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed a Complaint (Doc. #1) on January 5, 2012 alleging discrimination "pursuant to Title VII of the 1964 Civil Rights Act for sexually hostile environment or sexual harassment and for retaliation resulting in wrongful termination." Compl. (Doc. #1) at 1.

On January 10, 2012, the District Judge entered an Order (Doc. #4) referring the case to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate.

The court previously entered a Recommendation (Doc. #6) recommending dismissal of Plaintiff's case for Plaintiff's failure to submit a copy of her right to sue letter from the Equal Employment Opportunity Commission ("EEOC") and to otherwise comply with the orders of this court. On February 22, 2012, Plaintiff filed a Response (Doc. #7) and attached a copy of her right to sue letter. Accordingly, on February 23, 2012, the court issued an Order (Doc. #8) withdrawing its Recommendation. However, upon reviewing Plaintiff's right to sue letter, the court warned Plaintiff that her Complaint appears untimely pursuant

to the ninety-day limitations period established in 42 U.S.C. § 2000e-5(f)(1).  In that same Order, the court instructed Plaintiff that she bears the burden of showing she met the timeliness requirement under 42 U.S.C. § 2000e-5(f)(1), *see* Order (Doc. #8) at 2, and ordered her to show cause as to why her case should not be dismissed as untimely for failure to file suit in this court within 90 days of receiving her right to sue letter from the EEOC by March 8, 2012.  Plaintiff subsequently filed a response in which she failed to respond to the court's show cause order and instead requested an extension of time to respond.  The court granted an extension until March 29, 2012.  On March 29, 2012, Plaintiff filed a response, but again failed to respond to the court's show cause order and requested "another extension so that [she] may continue to seek another attorney."  Pl.'s Resp. (Doc. #12).

        As previously discussed in the court's February 23, 2012 Order (Doc. #8), the ninety-day period for bringing federal suit after the EEOC dismisses a charge begins on the date the claimant receives notice, typically *via* a right to sue letter from the EEOC, that the EEOC has dismissed the claimant's charge.  *Williams v. Georgia Dep't of Nat'l Guard Headquarters*, 147 F. App'x 134, 136 (11th Cir. 2005).  This limitations period is clearly referenced on the right to sue letter received by Plaintiff, which informed Plaintiff that any lawsuit she wished to file "**must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost."  Letter from Delner Franklin-Thomas to Plaintiff Fraley (Doc. #7) at 2 (all emphasis in original).  The letter was mailed on July 15, 2011.  Plaintiff filed suit on January 5, 2012, approximately six months after the letter was mailed.  Failure

2

to file a civil court action within the allotted ninety days renders a subsequently filed action untimely and subject to dismissal. *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000). Plaintiff "bear[s] the burden of showing that [she has] met the timeliness requirement." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005). Moreover, while the ninety day limitations period may be subject to equitable tolling, *Gardner v. Nicholson*, 181 F. App'x 961, 964 (11th Cir. 2006), Plaintiff bears the burden of demonstrating that she is entitled to such tolling. The court has provided Plaintiff with two opportunities to satisfy this burden and she has failed to comply with the orders of the court.

Federal trial courts have inherent authority to manage their own dockets "so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Citing to Rule 41(b) of the Federal Rules of Civil Procedure, the United States Court of Appeals for the Eleventh Circuit has held that "[t]he [district] court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b)." *Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The Eleventh Circuit has further noted that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.

3

Because Plaintiff has again failed to respond to the court's Order to Show Cause and demonstrate the timeliness of her suit, her complaint is due to be dismissed as untimely and for failure to abide by the orders of the court. *See, e.g.*, *West v. City of Fort Myers*, 2008 WL 360777 (M.D. Fla. Feb. 8, 2008) (court *sua sponte* dismissed complaint without prejudice to renew for failure to prosecute and respond to court's order to show cause); *Broten v. United States Marshals Serv.*, 2006 WL 1876921 (N.D. Fla. July 6, 2006) (court noted that it is plaintiff's burden to prove exhaustion, and where plaintiff declined his chance to do so, dismissal was appropriate).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice as untimely and for Plaintiff's failure to respond to this court's Order to Show Cause and to otherwise comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before May 29, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

       Done this 14th day of May, 2012.

       /s/ Wallace Capel, Jr.
       WALLACE CAPEL, JR.
       UNITED STATES MAGISTRATE JUDGE

5